UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                            :
THE UNITED STATES OF AMERICA,   :           Civil Action No. 06-2683 (FLW)
                                            :
                                            :
                                            :           **OPINION**
     Plaintiff,                             :
                                            :
                                            :
     v.                                     :
                                            :
                                            :
ZULIMA FARBER, et al.,                      :
                                            :
                                            :
     Defendants.                            :
_____ :

**WOLFSON, District Judge**

      Presently before the Court is a motion by the Department of the Public Advocate of New Jersey for leave to participate as <u>amicus curiae</u> in support of Defendants Zulima Farber, et al. In support of its motion, the Public Advocate states that it is empowered by statute to "represent the public interest in ...court proceedings", Mot. to Appear as Amicus ("Amicus Mot.") at ¶ 3, that it has a "statutory responsibility to represent the interest of consumers of regulated utilities, including consumers of telecommunication services" who would be directly affected by the outcome of this case", <u>Id</u>. at ¶ 5, and that "the Public Advocate is specifically designated as New Jersey's civil liberties ombudsman." <u>Id</u>. at ¶ 6.  This motion has not been opposed.  For the reasons set forth below, the Public Advocate's motion is granted.

I. DISCUSSION

Historically, the term amicus curiae has been used to describe "an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and whose function is to advise in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another." Leigh v. Engle, 535 F.Supp. 418, 419 (N.D.Ill.1982). Amici are not parties to the case, but rather assist the court by "submitting briefing designed to supplement and assist in cases of general public interest, supplement the efforts of counsel, and draw the court's attention to law that might otherwise escape consideration." Community Association for Restoration of Environment v. DeRuyter Brothers Dairy, 54 F.Supp.2d 974, 975 (E.D.Wash.1999) (citations omitted).

"District courts have broad discretion to appoint amicus curiae." Liberty Lincoln v. Ford Marketing Corp., 149 F.R.D. 65, 82 (D.N.J.1993) (citations omitted). Nevertheless, it has been suggested that at the trial level, where issues of fact as well as law predominate, the aid of amicus curiae may be less appropriate than at the appellate level where such participation has become standard procedure. Yip v. Pagano, 606 F.Supp. 1566 (D.N.J.1985). However, a court may grant leave to appear amicus curiae if "it deems the proffered information timely and useful." Id. at 1568. As the Third Circuit has stated: "[P]ermitting persons to appear in court ... as friends of the court ... may be advisable where third parties can contribute to the court's understanding." Harris v. Pernsley, 820 F.2d 592, 603 (3d Cir.1987)

In the instant matter, the Public Advocate explains that his office is an independent executive department of the State of New Jersey with powers that are separate and independent from any other State executive branch agency. N.J.S.A. § 52:27EE-5. Further, the Public

Advocate contends that his department has particular expertise to assist as amicus as it is empowered by statute to represent the public interest which is defined as an "interest or right arising from the Constitution, decisions of court, common law or other laws of the United States or of this State inhering in the citizens of this State or in a broad class of such citizens." N.J.S.A. § 52:27EE-12.  Thus, because the privacy rights of New Jersey citizens are implicated by the instant matter, the Public Advocate has a unique interest in protecting the public interest and the "potential breach of the privacy of millions of New Jersey citizens at stake in this case."

In addition, the Advocate argues that pursuant to N.J.S.A. § 52:27EE-48(a), he has a statutory responsibility to represent the interests of consumers of regulated utilities, including consumers of telecommunications services.  Moreover, the Public Advocate was designated by Governor Jon S. Corzine as New Jersey's civil liberties obmbudsman.  Governor Jon S. Corzine, State of New Jersey, executive Order No. 5, at ¶ 30 (March 16, 2006)("The Public Advocate of the State of New Jersey shall appoint a public ombudsman within the Public Advocate's Office to address civil liberties issues related to homeland security and preparedness.").  Thus, the Advocate argues that because the instant case implicates civil liberties related to homeland security, his participation is warranted. The Court agrees.

For all the reasons set forth by the Department of the Public Advocate and in light of the fact that there is no opposition to the Motion for Leave to Participate as Amicus, I will permit the New Jersey Department of the Public Advocate to participate as amicus curiae in the instant matter.

## II. CONCLUSION

  For the reasons stated above, the Public Advocate's Motion is GRANTED. An appropriate Order will follow.


Dated: August 21, 2006                 /s/ Freda L. Wolfson
                                Honorable Freda L. Wolfson
                                United States District Judge